### THOMPSON et al. v. MARCUM.

Court of Appeals of Kentucky.

May 23, 1952.

Terry L. Hatchett, Glasgow, for appellants.

Cass R. Walden, A. J. Thompson, and Thompson & Walden, all of Edmonton, for appellee.

COMBS, Justice.

Lizzie Marcum filed this suit against the Thompsons for the collection of three promissory notes totaling $1,000. They admitted their obligation on the notes, but by set-off sought to recover from Mrs. Marcum the sum of $4,380 for personal services and food which they alleged they had furnished to her under such circumstances as raised an implied promise to pay for same.

The jury returned a verdict for Mrs. Marcum for the principal amount of the notes, but relieved the Thompsons of payment of the accumulated interest which amounted to approximately $200. The Thompsons filed motion for a new trial, assigning as grounds therefor the refusal of the court to give two instructions requested by them, and error in the instructions which were given to the jury. One of the tendered instructions was equivalent to a directed verdict in their favor. The other was substantially the same as one which the court gave. The only question, therefore, is whether the Thompsons were entitled to a directed verdict in their favor. Determination of this question requires consideration of the evidence.

We are handicapped in a review of the case by the lack of a stenographic transcript of the testimony. The case was tried without the services of a reporter and the parties have prepared a bystander's bill of exception, as permitted by Civil Code of Practice, section 337. The Thompsons introduced evidence that they are not related to Mrs. Marcum by blood or marriage; that they lived as neighbors to her for a period of some three or four years; that during this time they furnished her food and personal services, including nurs-

ing during a protracted illness, of the reasonable value of $4,380; that Mrs. Marcum promised and agreed to pay for these services.

Mrs. Marcum was called as a witness by the Thompsons as if on cross-examination, and later testified in her own behalf. The substance of her testimony is that the Thompsons had performed some personal services for her, and had brought her food from their table on a number of occasions; that she had loaned Mrs. Thompson small sums of money on at least two occasions, which had not been repaid; that she had kept one of the Thompson children on several occasions when the parents were absent from home; that she felt obligated to pay the Thompsons something for their services, but that she thought she had paid them all she owed them. Other witnesses called in Mrs. Marcum's behalf testified that the services performed by the Thompsons were no more than ordinarily might be expected of a good neighbor in times of sickness or distress.

█ It will be observed from the foregoing resume of the testimony that the witnesses disagreed, not only as to the services performed by the Thompsons but also as to the reasonable value of the services. Therefore, they were not entitled to a peremptory instruction. The issues were presented to the jury under what we consider to be a proper instruction. The jury found the value of the services to be the amount of the accumulated interest on the three notes, and there is sufficient evidence to support the verdict.

■ █ The Thompsons make some contention that Mrs. Marcum's testimony, given as if on cross-examination, amounted to a judicial admission that she was indebted to them in the amount they claim. This testimony must be considered together with her testimony given on direct examination. Halbert v. Lange, 313 Ky. 648, 233 S.W.2d 278. When her testimony is considered as a whole, we do not construe it as amounting to an admission of the validity of the Thompsons' claim.

The judgment is affirmed.